31

;   .lmv

United States District Court
Southern District of Texas
ENTERED

JUL 24 1998

Michael N. Milby, Clerk of Court
By Deputy Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
FILED

JUL 2 4 1998

Michael N. Milby, Clerk

ISABEL ESPINOZA, Individually      *
As the natural parent and next
Friend of BELEN GARCIA, Minor      *

JOSE GARCIA                         *

        VS                          *    C.A. NO. B97 075

BROWNSVILLE INDEPENDENT SCHOOL      *
DISTRICT

---

EDDINGTON & ASSOCIATES (Ray R. Marchan), Attorney for Plaintiffs

Phillip J. Stein, Attorney for Defendant JOSE GARCIA

ABELS, LOCKER, RALLS & COWEN (N. Mark Ralls), Attorney for
Defendant  BROWNSVILLE INDEPENDENT SCHOOL DISTRICT

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Before this Court is Defendant's Motion to Dismiss and
Plaintiffs' Opposition to same. The Honorable Filemon B. Vela,
District Judge, having jurisdiction over the above-styled and
numbered proceeding, has directed this Court to consider the matter
and file a report and recommendation  herein.

This Court has read the parties' pleadings, considered the issues raised in light of the applicable law, and is of the opinion that it should be denied. In support of the aforementioned conclusion, this Court files the following findings of fact and conclusions of law which for the purpose of the Motion to Dismiss are considered as established.

## Findings of Fact

1.  On or about May 12, 1996, BELEN GARCIA was a student at El Jardin Elementary School, a public school in the BROWNSVILLE INDEPENDENT SCHOOL DISTRICT (BISD), in Brownsville, Texas. On that day, an individual named Roberto Ramirez, whose relationship to BELEN GARCIA, if any, is unknown, went to the school, procured a "release slip" from a school employee, removed BELEN GARCIA from the campus and allegedly sexually assaulted her. Mr. Ramirez is not alleged to be an agent or employee of the school, or otherwise to have acted under color of law at any time during the course of these events.

2.  At the time of these events, BISD maintained a policy governing the release of students, providing that students would not be released to persons other than

specified in school records.   Mr. Ramirez was not so
specified.

3.   Plaintiffs contend that because BELEN was in school as a
result of Texas' compulsory attendance laws, a "special
relationship" arose between BELEN and the BISD, creating
a duty on the part of the latter to assume responsibility
for the safety and well-being of BELEN GARCIA.   According
to Plaintiffs, BISD failed to (1) train school employees
in the application of the school's release policy; (2)
exercise its authority to refuse Mr. Ramirez access to
the school property and/or to eject him from school
property; and (3) implement policies, protections and
training.

4.   Plaintiffs assert that these failures, singularly, or in
combination, evidence a deliberate indifference on the
part of BISD to BELEN GARCIA's right to be free
from"...sexual assault and intrusion of her bodily
integrity...," and constitute a violation of BELEN
GARCIA's constitutional rights under the Due Process and
Equal Protection clauses of the Fourteenth Amendment to
the United States Constitution.

## Conclusions of Law

1. Plaintiffs' claims should not be dismissed unless it appears beyond doubt that Plaintiffs can prove no set of facts in support of a claim which would entitle them to relief.  <u>Leffall v. Dallas Indep. Sch. Dist.</u>, 28 F.3d 521, 524 (5th Cir. 1994).  The trial court must accept all well-pleaded facts as true and they must be reviewed in the light most favorable to Plaintiffs.  <u>Green v. State Bar of Texas</u>, 27 F.3d 1083, 1086 (5th Cir. 1994).

2. To state a claim under Section 1983, a plaintiff must (1) allege a violation of rights secured by the constitution or laws of the United States and (2) demonstrate that the deprivation was occasioned by a state action.  <u>Leffall</u>, 28 F.3d at 525 (citations omitted; <u>accord</u> <u>Resident Council of Allen Parkway Village v. United States Dep't of Housing & Urban Dev.</u>, 980 F.2d 1043, 1050 (5th Cir.) <u>cert. denied</u>,--U.S.--, 114 S.Ct. 75, 126 L.Ed.2d 43 (1993).

3. The Fifth Circuit has held as early as 1991 "[t]he right to be free of state occasioned damage to personal bodily integrity is protected by the Fourteenth Amendment

guarantee of due process. <u>Shillingford v. Holmes</u>, 634
F.2d 263, 265 (5th Cir. 1981). Additionally, school
children do have a liberty interest in their bodily
integrity that is protected by the due process clause of
the Fourteenth Amendment. <u>Doe v. Taylor Indep. Sch.
Dist.</u>, 15 F.3d 443 (5th Cir 1994) (en banc), <u>cert.
denied</u>, --U.S.--, 115 S.Ct. 70, 130 L.Ed. 2d 25 (1995).

4.  Additionally, schools can be held liable for supervisory
failures, by action or inaction, that result in the
molestation of a school child if those failures manifest
a deliberate indifference to the constitutional rights of
that child. <u>Id.</u> Training deficiencies are the result of
deliberate indifference, if the inadequate training was
the actual or closely related cause, of the violation of
the student's right to bodily integrity. <u>Id.</u> at 453.
<u>Lopez v. Houston Indep. Sch. Dist.</u>, 817 F.2d 351, 355
(5th Cir. 1987).

5.  Under the facts alleged in this cause of action
Plaintiffs have met their burden to defeat a 12(b)6
motion to dismiss.

Because of the foregoing, this Court respectfully recommends that Defendant's Motion to Dismiss be denied.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this _____ day of July 1998.


Fidencio G. Garza, Jr
United States Magistrate Judge